Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendants Amazon.com Sales, Inc.,*
*and Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

JAWID NAIM and SANDRA NAIM,

        Plaintiffs,

-against-

FIBROPOOL CO, LLC, AMAZON
TECHNOLOGY COMPANY, AMAZON.COM
SALES, INC., and AMAZON.COM SERVICES
LLC,

        Defendants.

---------------------------------------------------------------- X

Civil Action No._____

**NOTICE OF REMOVAL**

*(Document Electronically Filed)*

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a), Defendants Amazon.com Sales, Inc. and Amazon.com Services LLC (collectively, "Amazon"), hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

This lawsuit involves a claim of personal injury allegedly caused by a cooling fan of a Fibropool FH-255 pool heater (the "Pool Heater") that Plaintiffs Jawid Naim and Sandra Naim allegedly purchased from a third-party seller on Amazon.com. [Complaint, ¶¶ 13-14, 76] Plaintiffs filed this civil action captioned *Jawid Naim and Sandra Naim v. Fibropool Co, LLC, Amazon Technology Company, Amazon.com Sales, Inc., and Amazon.com Services, LLC*, Index No. 625625/2025, in the New York Supreme Court, County of Suffolk (the "State Court Action") on September 24, 2025. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**. Per a statement of damages served on October 28, 2025, Plaintiffs seek damages of $5 million.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiffs filed this action initially in federal court. Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Parties

#### 1.    Plaintiffs

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (citation omitted). "At any given time, a person has but one domicile." *Id.* (citation omitted). Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. *Id.*

"Although residence is not equivalent to domicile, it is, nonetheless, highly relevant to the issue of domicile." *Levy v. Suissa*, 2021 WL 2402240, at *5 (E.D.N.Y. March 19, 2021) (citations omitted). Indeed, "a party's residence at [the time the case is filed] is prima facie evidence of his domicile." *Id.* (citations omitted). Here, Plaintiffs' Verified Complaint alleges "[t]hat at all times herein mentioned, Plaintiffs, JAWID NAIM and SANDRA NAIM, were and still are residents of the State of New York, County of Suffolk." [Complaint, ¶ 1 (cleaned up).]

### 2.    Amazon.com Sales, Inc.

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Amazon.com Sales, Inc. is a corporation that is organized under the laws of Delaware with its principal place of business in Seattle, Washington. Therefore, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

### 3.    Amazon.com Services LLC

An LLC is a citizen of each state in which each of its members are citizens. *See Bayersiche Landesbank, N.Y. v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Seattle, Washington. As such, Amazon.com Services LLC is a citizen of Delaware and Washington.

### 4.    Fibropool Co, LLC

Based on discussions with its counsel, Elizabeth Malang, Esq., the sole member of Fibropool, LLC, is Mr. Yavuz Yavuzer, who is a citizen of Mississippi. As such, Fibropool, LLC is a citizen of Mississippi.

3

### 5.     Amazon Technology Company

There is no independent entity known as Amazon Technology Company and, as such, it should not be considered in determining diversity. Nevertheless, to the extent that the Complaint improperly identifies Amazon Technology Company as a defendant, Plaintiffs plead that it is Delaware corporation. [Complaint, ¶ 6.]

Accordingly, because Plaintiffs are citizens of New York, Amazon.com Sales, Inc., and Amazon.com Services LLC are citizens of Delaware and Washington, and Fibropool is a citizen of Mississippi, complete diversity exists.

### 5.     The Amount in Controversy Exceeds $75,000

The amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied because Plaintiffs have alleged that their damages are $5 million.

In personal injury actions like the case at bar, New York does not permit a demand for a specific sum of damages to be made in the complaint. *See* CPLR § 3017(c). While Plaintiffs' Complaint does not allege a specific amount of damages, it claims that, as a result of Defendants' alleged acts or omissions, Plaintiff Jawid Naim "was caused to suffer severe and serious personal injuries to mind and body, … [and] was subjected to great physical pain and mental anguish"; and, that "Plaintiff [Sandra Naim] has been caused, presently and in the future, the loss of her husband's companionship … [and] has been caused great mental anguish. [Complaint, ¶¶ 29, 76].

To confirm that the amount in controversy exceeds $75,000, on October 22, 2025, Amazon served Plaintiffs with a CPLR § 3017(c) Demand requesting that Plaintiffs set forth "those sums that Plaintiffs assert as and for damages with respect to each cause of action alleged against Defendants." Plaintiffs responded to the CPLR § 3017(c) Demand on or about October 28, 2025, and claimed damages of $5 million. **[Exhibit B.]**

Accordingly, based upon Plaintiff's response to the CPLR § 3017(c) Demand, and the allegations in the Complaint, it is clear the matter in controversy exceeds $75,000.

## III.    SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

"[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see also* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

Amazon was served with the Summons and Complaint on September 29, 2025. In accordance with CPLR § 3017(c), the Complaint does not allege a specific claim for damages. Therefore, on October 22, 2025, Amazon served Plaintiffs' counsel with a CPLR § 3017(c) Demand for Plaintiffs to set forth their alleged damages. On October 28, 2025, Plaintiffs served their response to Amazon's CPLR § 3017(c) Demand, which for the first time set forth Plaintiff's claimed damages. [**Exhibit B.**] A response to a CPLR § 3017(c) Demand qualifies as an "other paper" to establish the amount in controversy. *Moltner*, 624 F.3d at 38; *see also Sabino v. Otis Elevator Company*, 548 F. Supp.3d 311, 312 (E.D.N.Y. 2021) ("All a defendant has to do is serve a C.P.L.R. § 3017(c) demand. And they will not be late in removing as long as they do it within 30 days of receiving a response that shows the $75,000 jurisdictional minimum is met.") This Notice of Removal is being filed within 30 days of Amazon being served with the response to the CPLR § 3017(c) Supplemental Demand. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B).

5

## IV.    VENUE OF REMOVED ACTION

The United States District Court for the Eastern District of New York is the United States District Court embracing the New York Supreme Court, Suffolk County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a).

## V.    CONSENT AND NOTICE TO OTHER PARTIES AND TO THE STATE COURT

Per the attached Joinder and Consent to Removal, Fibropool consents to the removal of this action to this Court. **[Exhibit C.]** As such, all defendants who have been properly joined and served join in the removal of this action as required under 28 U.S.C. § 1446(b)(2)(A).[1]

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, County of Suffolk, where this case was originally filed and is currently pending.

---

[1] As noted above, there is no entity known as Amazon Technology Company and, consistent with that fact, Plaintiff has not filed an Affidavit of Service on Amazon Technology Company on NYSCEF.

WHEREFORE, Defendants Amazon.com Sales, Inc., and Amazon.com Services LLC, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove the Action in its entirety from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York.

Dated: November 26, 2025

Respectfully submitted,

Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

*Attorneys for Defendant Amazon.com Sales, Inc., and Amazon.com Services LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on November 26, 2025, I caused a copy of Defendants Amazon.com,

Inc., (incorrectly named as "Amazon Technology Company") Amazon.com Sales, Inc., and

Amazon.com Services LLC's Notice of Removal to be served by email on the following party:

Joseph P. Napoli, Esq.
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017-6502
*Attorneys for Plaintiffs*

Elizabeth E. Malang, Esq.
RYAN & CONLON, LLP
2 Wall Street, Suite 710
New York, New York 10005
*Attorneys for Fibropool, LLC*

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.

ANDREW W. SCHWARTZ

Dated:  November 26, 2025

8

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!
NYSCEF DOC. NO. 1 (    RECEIVED NYSCEF: 09/24/202!

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

| | |
|---|---|
| JAWID NAIM and SANDRA NAIM, <br>                 Plaintiff(s), <br><br> -against- <br><br> FIBROPOOL CO, LLC, AMAZON TECHNOLOGY COMPANY, AMAZON.COM SALES, INC., and AMAZON.COM SERVICES, LLC, <br>            Defendant(s). | Index No.: <br> Date of Purchase: <br><br> **SUMMONS** |

To the above-named Defendant(s):

           **YOU ARE HEREBY SUMMONED** to answer the complaint in their action and to serve a copy of your answer, or, if the complaint is not served with their summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of the summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

          The basis of venue is Place of Occurrence.

Dated: New York, New York
        September 24, 2025
                  Yours, etc.

                            **NAPOLI SHKOLNIK, PLLC**

            By                             
                          Joseph Napoli, Esq.
                          Attorneys for Plaintiff
                          360 Lexington Avenue
                          New York, New York 10017
                          (212) 397-1000

To:

**FibroPool Co. LLC**
5477 Lower Bay Rd
Bay Saint Louis, MS 39520-9487

**Amazon Technology Company**
P.O. Box 81226
Seattle, WA 98108



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/24/202!

**AMAZON.COM SALES, INC.,**
Corporation Service Company
80 State Street
Albany, NY 11207

**AMAZON.COM SERVICES, LLC**
Corporation Service Company
80 State Street
Albany, NY 11207



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

JAWID NAIM and SANDRA NAIM,

                                         Plaintiff(s),

-against-

FIBROPOOL CO, LLC, AMAZON
TECHNOLOGY COMPANY, AMAZON.COM
SALES, INC., and AMAZON.COM SERVICES,
LLC,

---

Index No.:
Date of Purchase:

**COMPLAINTS**

PLAINTIFFS, JAWID NAIM and SANDRA NAIM, by their attorneys, NAPOLI

SHKOLNIK, PLLC, complaining of Defendants, upon information and belief respectfully allege

as follows:

## THE PARTIES

1.      That at all times herein mentioned, Plaintiffs, JAWID NAIM (hereinafter referred

to as "Jawid") and SANDRA NAIM (hereinafter referred to as "Sandra"), were and still are

residents of the State of New York, County of Suffolk.

2.      Upon information and belief, at all times relevant herein, Defendant,

**FIBROPOOL CO, LLC**  ((hereinafter referred to as "Fibropool") was and still is a limited

liability corporation duly organized and existing under and by virtue of the laws of the State of

Mississippi.

3.      Upon information and belief, at all times relevant herein, Fibropool was and still is

a domestic corporation duly authorized to do business in the State of New York.

4.      Upon information and belief, at all times relevant herein, Defendant Fibropool was

and still is doing, conducting and/or transacting business within the State of New York.

5.      Upon information and belief, at all times relevant herein, Defendant Fibropool was



NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

and still is in the business of designing, manufacturing, marketing, distributing, and selling of appliances and more particular the pool supply to the public.

6. Upon information and belief, at all times relevant herein, Defendant, **AMAZON TECHNOLOGY COMPANY,** (hereinafter referred to as "Amazon") was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

7. Upon information and belief, at all times relevant herein, Defendant **AMAZON.COM SALES, INC.,** (hereinafter referred to as "Amazon Sales") was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

8. Upon information and belief, at all times relevant herein, Defendant **AMAZON.COM SERVICES, LLC,** (hereinafter referred to as "Amazon Services") was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

9. Upon information and belief, at all times relevant herein, Amazon, Amazon Sales, and Amazon Services were and still are the foreign corporations duly authorized to do business in the State of New York.

10. Upon information and belief, at all times relevant herein, Defendants Amazon, Amazon Sales, and Amazon Services were and still are doing, conducting and/or transacting business within the State of New York.

11. Upon information and belief, at all times relevant herein, Defendant Amazon, Amazon Sales, and Amazon Services were and still are in the business of designing, manufacturing, marketing, distributing, and selling of appliances and more particular the pool supply to the public.



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/24/202!

## AS OF THE FIRST CAUSE OF ACTION
### GENERAL FACTUAL ALLEGATIONS

12.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "11" with the same force and effect as though fully set forth herein.

13.    On or about May 21, 2025, at approximately 7 pm Jawid sustained serious personal injuries when the cooling fan of Fibropool FH-255 pool heater (hereinafter referred to as the "Pool Heater") designed, manufactured, marketed, distributed, and/or sold by Defendants, Fibropool and Amazon, malfunctioned and sliced his left hand with part of the fan lodged into his hand.

14.    On or about May 21, 2025, Plaintiff Jawid sustained serious, severe and permanent injuries as a result of colling fan from the Pool Heater being caused to come in contact with his person.

## AS FOR A SECOND CAUSE OF ACTION:
### STRICT LIABILITY

15.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "14" with the same force and effect as though fully set forth herein.

16.    The Pool Heater was defective in its design, manufacture, inspection, label, warning, instructions, packaging, distribution, marketing, selling and communication with the public before and after Plaintiff Jawid began using it.

17.    Among other defects, the Pool Heater posed serious risks and dangers due to a faulty handle, such defects which were not adequately disclosed nor were adequate instructions provided for ways to avoid such risks and dangers while using the water pitcher.

18.    As a result of such use, Plaintiff Jawid sustained serious, severe and permanent injuries.



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 625625/202!
RECEIVED NYSCEF: 09/24/2!2!

19.    As a result of the foregoing, Defendants, Fibropool, Amazon, Amazon Sales, and Amazon Services, are liable to Jawid under a strict product liability theory.

20.    That by reason of the foregoing, Plaintiff, Jawid. has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS FOR A THIRD CAUSE OF ACTION:
## NEGLIGENCE

21.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "20" with the same force and effect as though fully set forth herein.

22.    That all times hereinafter mentioned, the Defendant, Fibropool, Amazon, Amazon Sales, and Amazon Services, their agents, servants and/or employees, had a duty to keep and maintain the Pool Heater in a reasonable state of repair and in good and safe condition, and not to suffer and the Pool Heater to become unsafe and dangerous to users and had a duty to ensure that persons lawfully using the console were safeguarded from defects.

23.    That on May 29, 2025, Plaintiff Jawid was lawfully turning on the Pool Heater when the Pool Heater was not safe to properly use, negligently designed, poorly manufactured, and did not provide safeguards, causing plaintiff to sustain severe personal injuries.

24.    That at all times hereinafter mentioned, the Defendants, Fibropool, Amazon, Amazon Sales, and Amazon Services, their agents, servants, and/or employees, knew, or upon the exercise of reasonable care, should have known of aforesaid dangerous conditions of the Pool Heater but despite said knowledge failed to correct the same or maintain the same properly, or properly warn users of the hidden dangers of utilizing said water kettle, were careless and negligent in failing to properly maintain the aforesaid Pool Heater so as to have proper safety mechanisms,


NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

including, but not limited to sensors, alarms, movement notices, space measurements, warning systems and devices in place; in failing to inspect the Pool Heater upon receipt of Plaintiff's Jawid email, in creating the appearance of security that did not exist; in failing to properly inspect and test the Pool Heater; in failing to provide proper warnings of those dangers and hazards, or those dangers and hazards that reasonably should have been known by Defendant, their officers, agents, servants and/or employees in the exercise of reasonable care; in failing to provide Plaintiff Jawid with the proper instructions, in distributing a dangerous and hazardous Pool Heater that was not fit for the use intended; in failing to obey the applicable statutes, ordinances, rules and regulations in such case made and provided for and in otherwise being careless, reckless and negligent.

25. That the said injuries sustained by the Plaintiff, Jawid was caused without any negligence on his part, and solely as a result of the negligence, carelessness, thoughtlessness and recklessness of the Defendant, and/or their servants, agents and/or employees in the ownership, maintenance, management and control of the aforesaid water kettle, and in particular, in failing to properly manufacture the Pool Heater.

26. On or about May 29, 2025, Defendants, their agents, servants and/or employees, were careless and negligent in the ownership, maintenance, repair, operation, control, management, supervision, inspection, maintenance, alteration, and conducting of the aforesaid premises and its handling of the Pool Heater.

27. On or about May 29, 2025, Defendants, their agents, servants and/or employees, were careless and negligent in causing, allowing, permitting and/or creating a dangerous, defective, hazardous, unsafe condition of the Pool Heater that caused the subject incident.

28. The occurrence referred to in paragraph 11, the consequent damage to the Plaintiff's persons and the mental and emotional injury to Plaintiff were proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the Defendants, their


NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

agents, servants, and/or employees.

29.    Solely as a result of the Defendants' negligence, carelessness and recklessness, Jawid was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

30.    As a result of the foregoing, Defendants are liable to Plaintiffs for their negligence.

31.    That by reason of the foregoing, Plaintiff, Jawid has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS FOR A FOURTH CAUSE OF ACTION: IMPLIED WARRANTY

32.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "31" with the same force and effect as though fully set forth herein.

33.    Thant Defendants warranted that said product, more particular, the Pool Heater was safe to use in every respect and had been manufactured safely and warranted that it was good, safe and proper to use.

34.    That Defendants impliedly warranted that the Pool Heater was of merchantable quality and was safe for use.

35.    That Defendants warranted and labeled the Pool Heater and provided certain written instructions on said label in connection with the use of the product.

36.    That Defendants breached warranted and labeled the Pool Heater and provided certain written instructions on said label in connection with the use of the product.

37.    That the aforesaid accident was caused solely and wholly by reason that Defendants breached its express and implied warranty of product merchantability which warranty was expressly



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

warranted.

38.    That the aforesaid accident was caused solely and wholly by reason that Defendants breached its express and implied warranty of product fitness for the intended use of the said product, which warranty was expressly warranted.

39.    That on May 29, 2025, Plaintiff, Jawid, was caused to suffer and sustain severe bodily injuries while the product was being used in accordance with its intended use.

40.    That solely by reason of the foregoing, Jawid, became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered severe left hand laceration with resultant multiple stitches, permanent scarring, suffered nervous shock and severe and permanent injuries to various parts of his body; suffered nervous shock and injury to his nerves and nervous system, and suffered great conscious pain and suffering, all to said Plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

41.    As a result, Plaintiff Jawid sustained serious, severe and permanent injuries.

42.    As a result of the foregoing, Defendants are liable to Plaintiff Jawid. for its breach of warranties.

43.    That by reason of the foregoing, Plaintiff, Jawid, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS FOR A FITH CAUSE OF ACTION:
### EXPRESS WARRANTY

44.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "43" with the same force and effect as though fully set forth herein.

45.    At all times herein mentioned, Defendants misrepresented the safety of the Pool



NAPOLI SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

Heater.

46.    Defendants knew or was reckless in not knowing that its representations were false.

47.    Defendants failed to warn the Plaintiffs that the Pool Heater posed a hazard to consumers, and that the water pitcher was not fit for its intended use.

48.    Any warnings provided by Defendant were inadequate to advise a consumer, specifically Plaintiff, Jawid, of the fact that the water pitcher's handle was defective, posing a hazard to consumers.

49.    Defendants failed and omitted to provide warnings and/or proper safety precautions on the Pool Heater, and specifically, the Plaintiff, Jawid, that the Pool Heater posed a handle defect hazard to consumers.

50.    Defendants were under a duty to disclose to consumers who purchased the water pitchers, including the Plaintiff Jawid of the defective nature of the Pool Heater.

51.    Defendants had sole access to material facts concerning the defective nature of water pitchers and their propensity to have a handle defect and cause significant injury to consumers, including the Plaintiff, Jawid.

52.    Defendants' concealment and omissions of material facts concerning the dangers associated with the potential defect for the Pool Heater was made purposefully, fraudulently, willfully and recklessly to mislead consumers, including the Plaintiff, Jawid, into reliance and to cause them to purchase and use the Pool Heater.

53.    As a result, Plaintiff Jawid. sustained serious, severe and permanent injuries.

54.    That by reason of the foregoing, Plaintiff, Jawid, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.



NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/24/202!

### AS FOR A SIXTH CAUSE OF ACTION:
### FAILURE TO WARN

55.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "54" with the same force and effect as though fully set forth herein.

56.    The defect in the Pool Heater was due to improper workmanship and error of Defendants which took place during the manufacturing process.

57.    The Pool Heater had defects, imperfections and/or other product defects which were known, or should have been known to Defendants including but not limited to the cooling fan.

58.    The defects, imperfections and/or other product defects were deviations from quality manufacturing standards for the Pool Heater of Defendants, Fibropool and Amazon.

59.    The Pool Heater had defects, imperfections and/or other product defects which were known, or should have been known to Defendants including but not limited to, the defective cooling fan.

60.    As a result of the defects, imperfections and/or other product defects, the Pool Heater was in a defective condition and unreasonably dangerous to Plaintiff Jawid.

61.    Defendants knew or should have known that the Pool Heater would not be inspected for defects, imperfections and/or other product defects prior to its leaving the possession of Defendants and that if it were inspected for such defects, imperfections and/or other product defects, they could not be discerned or perceived.

62.    The Pool Heater was used in the manner intended.

63.    As a result of the negligent manufacture of the water pitcher, the occurrence referred to in paragraph 10 took place and the Plaintiff Jawid suffered serious, severe and permanent injuries as well as permanent mental and emotional distress, lost income and has incurred and will incur



NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM          INDEX NO. 625625/202!
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/24/202!

expenses.

64.    That by reason of the foregoing, Plaintiff, Jawid, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS FOR A SEVENTH CAUSE OF ACTION

65.    Plaintiffs repeat, reiterate and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "64" with the same force and effect as though fully set forth herein.

66.    These actions fall within one or more of the exemptions set forth in CPLR §1602.

67.    Pursuant to CPLR §1602(2)(iv), Defendants, Fibropool, Amazon, Amazon Sales, and Amazon Services are jointly and severally liable for all of Plaintiff's Jawid damages, including but not limited to Jawid's non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

68.    Pursuant to CPLR §1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that each of the answering Defendants are vicariously liable for the negligent acts and omissions of their agents, servants, or employee, which persons or entities may be one or more of the co-Defendants to this action.

69.    Pursuant to CPLR §1602(7), Defendants are jointly and severally liable for all of Plaintiff's Jawid damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that Defendants acted with reckless disregard to the safety of others, including Plaintiffs herein.

70.    Pursuant to CPLR §1602(11), Defendants are jointly and severally liable for all of Plaintiff's Jawid damages, including but not limited to Plaintiff's non-economic losses,


NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

irrespective of the provisions of CPLR §1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiffs' injuries.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SANDRA NEIM

71. Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "70" with the same force and effect as though fully set forth herein.

72. That on May 29, 2025, and prior thereto, the plaintiff, Sandra Naim was the spouse of the plaintiff, Jawid.

73. That at all times hereinafter mentioned and prior thereto, the plaintiff, Sandra, was entitled to and did receive the love, affection, support and consortium of her husband, Jawid.

74. That by reason of the negligence of the Defendant as aforesaid, the said plaintiff, Sandra, has been deprived of and will be deprived in the future of the love, affection, support and consortium of her husband by reason of the negligence of the defendants.

75. As a direct and proximate result of the foregoing, Plaintiff spouse has necessarily paid and has become unable to pay for medical aid, treatment, attendance and for medications and will necessarily incur further expenses of a similar nature in the future.

76. That as a direct and proximate result, Plaintiff spouse has been caused, presently and in the future, the loss of her husband's companionship, services, society and the ability of said plaintiff's in said respect have been impaired and depreciated, and the martial association between husband and wife has been altered, and as such the Plaintiff has been caused great mental anguish.

77. That this action falls within one or more of the exceptions set forth in CPLR §1601 and CPLR §1602.

78. That pursuant to CPLR §1602(2)(iv), Defendants are, jointly and severally, liable


NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/24/202!

for all of the Plaintiffs' damages, including but not limited to, Plaintiffs' non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that Defendants owed the Plaintiffs a non-delegable duty of care.

79.    Pursuant to CPLR §1602(11), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiffs' injuries.

**WHEREFORE**, the Plaintiffs, demand judgment against the Defendants in a sum that exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, and such other and further and different relief as the Court deems just and proper.

Dated: New York, New York
      September 24, 2025

                Yours, etc.,

                **NAPOLI SHKOLNIK, PLLC.**

                By:   Joseph P. Napoli, Esq.
                        Attorneys for Plaintiffs
                        360 Lexington Avenue – 11th Floor
                        New York, New York 10017-6502
                        (212) 397-1000



FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM    INDEX NO. 625625/202!

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/24/202!

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

JAWID NAIM and SANDRA NAIM,

                       Plaintiff(s),

-against-

FIBROPOOL CO, LLC, AMAZON
TECHNOLOGY COMPANY, AMAZON.COM
SALES, INC., and AMAZON.COM SERVICES,
LLC,

**Index No.:**

**VERIFICATION**

---

STATE OF NEW YORK    }
COUNTY OF NEW YORK} ss:

        JOSEPH P. NAPOLI, ESQ., an attorney admitted to practice in the Courts of New York State, states:

        1.      Affirmant is a senior partner of the law firm of NAPOLI SHKOLNIK, PLLC, attorneys of record for the Plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

        2.      This verification is made by affirmant and not by Plaintiff, for the reason that Plaintiff's residence is not in the county where affirmant maintains his office.

        3.      The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by Plaintiff and counsel's investigation. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       September 24, 2025

                                By:   Joseph P. Napoli, Esq.



NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

15 of 16

FILED: SUFFOLK COUNTY CLERK 09/24/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 625625/202!

RECEIVED NYSCEF: 09/24/202!

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF SUFFOLK

**JAWID NAIM and SANDRA NAIM,**
                    Plaintiff(s),

        -against-

**FIBROPOOL CO, LLC, AMAZON TECHNOLOGY COMPANY, AMAZON.COM SALES, INC., and AMAZON.COM SERVICES, LLC,**

                    Defendants

---

### SUMMONS & VERIFIED COMPLAINT

---

**NAPOLI SHKOLNIK, PLLC.**
Attorneys for Plaintiffs
360 Lexington, Avenue 11th Floor
New York, New York 10017-6502
(212) 397-1000

---

To
Attorney(s) for _____

Service of a copy of the within _____ is hereby admitted.
Dated:
Attorney(s) for Plaintiff _____

Sir:

□ Please take notice that the within is a (certified) true copy of a _____
duly entered in the Office of the Clerk of the within named Court on _____, 20____

□ Please take Please take notice that an Order of _____
which the within is a true copy will be presented for settlement to the Hon. _____
one of the Judges of the within named Court, at _____ on _____, 20____
at ____:_____ □ a.m./ □ p.m.



NAPOLI SHKOLNIK PLLC
ATTORNEYS AT LAW

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

JAWID NAIM and SANDRA NAIM,

Plaintiff(s),

-against-

FIBROPOOL CO, LLC, AMAZON
TECHNOLOGY COMPANY, AMAZON.COM
SALES, INC., and AMAZON.COM SERVICES,
LLC,

Index No.: 625625/2025
Date of Purchase:

PLAINTIFFS RESPONSE
TO DEMAND FOR AMOUNT OF
DAMAGES PURSUANT TO
3017(c)

PLAINTIFFS, **JAWID NAIM and SANDRA NAIM**, through their attorneys NAPOLLI

SHKOLNIC PLLC, answer DEFENDANTs **AMAZON TECHNOLOGY COMPANY,**

**AMAZON.COM SALES, INC., and AMAZON.COM SERVICES, LLC,** Demand For

Amount of Damages as follows

Plaintiffs claim the amount of $5,000,000.00 for the damages sustained as a result of the

accident occurred on May 29, 2025.

Dated:  New York, New York
        October 28, 2025

Yours, etc.,

**NAPOLI SHKOLNIK, PLLC.**

By:  Joseph P. Napoli, Esq.
     Attorneys for Plaintiffs
     360 Lexington Avenue – 11th Floor
     New York, New York 10017-6502
     (212) 397-1000

TO:
SILLS CUMMIS & GROSS, PC
Attorneys for Defendants AMAZON
One Riverfront Plaza
Newark, NJ 07102
973 643-5886



# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

JAWID NAIM and SANDRA NAIM,         :

                                          :     Civil Action No._____

               Plaintiffs,      :

                                           :

  -against-                          :

                                           :

FIBROPOOL CO, LLC, AMAZON         :     *(Document Electronically Filed)*
TECHNOLOGY COMPANY, AMAZON.COM   :
SALES, INC., and AMAZON.COM SERVICES   :
LLC,                                       :

                                           :

              Defendants.      :

---------------------------------------------------------------- x

## JOINDER AND CONSENT TO REMOVAL

ELIZABETH E. MALANG, ESQ., declares as follows:

1.      I am a partner with Ryan & Conlon LLP, counsel for defendant Fibropool Co., LLC. As counsel for Fibropool, I have been authorized to give Fibropool's consent to removal as set forth herein. I am fully familiar with the matters set forth herein.

2.      Fibropool consents to and joins in the Notice of Removal filed by Defendants Amazon.com Sales, Inc., and Amazon.com Services LLC, and the removal of the case entitled *Naim, et al., v. Fibropool Co, LLC, et al.*, Index No. 625625/2025, in the Supreme Court of the State of New York, Suffolk County, to the United States District Court for the Eastern District of New York. By consenting to and joining in the removal, Fibropool does not waive any rights or defenses available under federal or state law.

I declare under penalty of perjury the foregoing is true and correct.

Dated: November 21st, 2025

By: _____
       ELIZABETH E. MALANG